RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 06 2015

Abel Acosta Clerk

CAUSE NO. 67,789-E

THE STATE OF TEXAS       §       IN THE DISTRICT OF

V.                       §       ___POTTER___ COUNTY, TEXAS

MICHAEL RAY KENNEDY      §       ___108th___ JUDICIAL DISTRICT
_____
         Defendant.

COURT OF APPEALS SEVENTH DISTRICT of TEXAS.
Amarillo, Texas.

## REQUEST FOR APPOINTMENT OF COUNSEL

## PURSUANT TO ARTICLE 38.35, CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW Defendant ___MICHAEL RAY KENNEDY___, T.D.C.J. NO. ___ ___1968578___, and requests appointment of counsel to assist Defendant in obtaining an Order for Forensic Analysis from the Court, pursuant to Article 38.35(b)(1)(2)(3), CODE OF CRIMINAL PROCEDURE.Sec.(a)(4)"forensic analysis, means a ballistic or other expert examination or test preformed on physical(EVIDENCE)
   Defendant wishes to submit a Motion pursuant to Chapter 38 requesting Forensic Analysis and Testing, and Texas Government Code §411.0205 and Defendant is indigent. An Affidavit of Indigency is attached and incorporated hereto as EXHIBIT "1".

FILED IN
COURT OF CRIMINAL APPEALS

OCT 06 2015

Abel Acosta, Clerk

Respectfully submitted,

*Michael Ray Kennedy*
Signature of Defendant, Pro Se

T.D.C.J.# ___1968578___
Stevenson Unit
1525 FM 766
Cuero, Texas  77954
(361) 275-2075

(3)

Request for Appointment of Counsel
Pro Se, Self-Representing Litigant

CAUSE NO. 67.798-E

| THE STATE OF TEXAS | § | IN THE DISTRICT OF |
| V. | § | POTTER COUNTY, TEXAS |
| MICHAEL RAY KENNEDY | § | 108th JUDICIAL DISTRICT |

## ORDER REGARDING APPOINTMENT OF COUNSEL

On this ____ day of September ____, 2015, Defendant's Request for Appointment of Counsel, together with Defendant's Declaration of Inability to Pay Cost, was presented and heard by the Court.

IT IS ORDERED, ADJUDGED, AND DECREED that the request should be:

_____ GRANTED          _____ DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that
_____ _____ , is appointed to represent Defendant on this **Motion For Forensic Analysis of Physical Evidence** in the above styled and numbered cause.

SIGNED AND ENTERED on this the _____ day of _____ , in the year 2015.

_____
JUDGE PRESIDING

Order Regarding Appointment of Counsel
Pro Se, Self-Representing Litigant                    (4)

EXHIBIT (1)

# AFFIDAVIT OF INDIGENCY

Texas Rules of Civil Procedure,
Title 6, Chapter 132, Texas Civil
Practice and Remedies Code.

**NOW RESPECTFULLY** comes Michael Ray Kennedy, T.D.C.J.# 1968578 presently at the Clarence N. Stevenson Unit in Cuero (DeWitt County) Texas, 77954-6300. I declare that I am unable to pay the Court costs in this request to the Court, and requests Leave of the Court to proceed - **in forma pauperis** - in this accompanying request and action while showing the Court the following:

(1) I am presently incarcerated in the Texas Department of Criminal Justice - Correctional Institution Division where I am not permitted to handle money; and

(2) I have no source of income or spousal income; and

(3) I currently have $ 30.00 dollars credited to me in the T.D.C.J. Inmate Trust Fund; and

(4) During my incarceration in the Texas Department of Criminal Justice - Correctional Institution Division, I have approximately $ 25.00 dollars per month as gifts from relatives and friends; and

(5) I neither own nor have an interest in any realty, stocks, bonds or bank accounts, and, I receive no interest or dividend income from any source; and

(6) I have 0 dependants; and

(7) I have total debts of approximately $ 0 dollars; and

(8) I owe $ 0 in restitution; and

(9) My monthly expenses in hygiene and medical expenses are approximately $ 0 dollars.

I, Michael Ray kennedy, T.D.C.J.# 1968578, being presently incarcerated at the Stevenson Unit, located at 1525 FM 766, Cuero, Texas, 77954-6300, (361) 275-2075, declare and verify under penalty of perjury that the foregoing statements in this Affidavit of Indigence are true and correct.

EXECUTED on this 24 day of September, 2015.

Michael Ray Kennedy
Signature of Declarant, Pro Se

NOTE: Amendments to the Texas Civil Practice & Remedies Code §132.001, now allows any party to use an Unsworn Declaration instead of an Affidavit or Verification (2012).

CAUSE NUMBER 67,798-E

| THE STATE OF TEXAS | § | In The 108th District Court |
|---|---|---|
| Vs | § | In and for; Potter County,Tx |
| | § | And |
| Michael Ray Kennedy | § | Court of Appeals Seventh Dis of Texas. Potter County,Tx |
| | § | |

## MOTION PURSUANT TO CHAPTER 38

### REQUESTING FORENSIC ANALYSIS & TESTING

To The Honorable Judge of Said Court;

Comes Now Michael Ray Kennedy, Defendant Pro-Se and Respectfully Moves this Honorable Court for a ruling on his Motion for Forensic Analysis And Testing of Ballistic Evidence in the Above Styled and Numbered Cause,In Support The Defendant will Show This Court as Follows:

I

Defendant is Submitting this Motion Pursuant to Article 38.35 Code of Criminal Procedure: Rule 401 [Relevant Evidence]. Texas Rules of Evidence and Texas Government Code § 411.0205 In the Interest of Justice and Fairness and Not to Vex The Court.

II

That Such Admissible Evidence was Not Previously Tested ; Reporter Record Vol.2 Page 158. See; RR. V.2 PG 158. Officer Michael Wheeler Questioned By The Attorney: Martinez in 4-5-6

Q   Officer, Did You send that slug to Any Kind of LAB for Analysis ?

A   NO, I Didn't.

RR V.2 PG 171 LN 1-2

Q   And of Course You're Not An EXPERT in BALLISTICS, Are You ?

A   NO, Sir

Attached are RR. V.2 PG 158-171. The Officer Testified to a Statement of the Size of the Caliber of a Weapon and was Questioned of the Exhibits Number 6 of Glass, This Slugg Allegedly was the Cause of the Window being Shattered. Exhibit 18 Is the bullet round collected from the seat,if this slugg shattered the window, it would have glass fragments in the bullet. This Officer is NOT QULIFIED to Test--ify on Ballistics, by his Own Word's. RR. V.2 PG 171
Q    You'r Not a Expert in Ballistics are you ?
A    NO, SIR
Tex.R.Evid.702 Kelly V. State 824. S.W.2d 568(Tex.Crim.App.1992). This is The Threshold Regaurding the Admission of Expert Testimony,Whether that testimony will Help the Trier of fact Understand the Evidence or Determine a fact in Issue. And If the Failure to Conduct previous testing is excused,means Individual samples of Ballistic Material Having Discrete and Independent Probative Value for Purposes of the particular issues arising from trial would not be allowed to clear the confusion of the issue.

IE; An Expert is required or Texas Rule of Evidence 104(a)&(c) & Rule 702, Will be forever Lost. None of the Criteria was Proven. There was No Gate Keeper Hearing on Qualifications. Testimony was of a 380 Bullet and what if the Bullet was a 22. Slugg or a 25 Bullet or a 44 or a 45 Bullet.

Further testing is so Advanced Now adays, A Expert Can [**GIVE AN EXZACT TIME FRAME THIS BULLET WAS FIRED**],(**Corrosion) Another Theory If The Bullet was Fired and there was Moisture or rain on the window,** The Bullet would have samples on the Slugg. Let's Just say; The Incident Occured on a Hot and Sunny Day and a Expert Shows this Slugg was Not Fired when the Officer or the State has **CLAIMED**, Then it is a **Miscarrige of Justice. Michael Ray Kennedy [Did Not Fire,No Weapon].**

The Probative Force of Evidence Sought by Testing is Not so Weak that it Would Raise only Surmise or Suspicion of Existence of Fact sought to be Established. Defendant has made a reasonable Inquiry and Believes This Motion has **Proper Basis in fact,** In law and is Not made for Improper Purpose.

Wherefore, All Considered, Defendant Prays that the Honorable Court Grant Defendants Motion and Enters an Order for testing and All Things which Defendant is Entitled.

RESPECTFULLY SUBMITTED ON THIS _24_ Day of _September_ ,2015.

_Michael Ray Kennedy._
Signature of Defendant,Pro Se

**MOTION FOR FORENSIC TESTING**

**Pro-Se Self Litigant Representing.**

MR. HORN:  We'll pass the witness.

CROSS-EXAMINATION

BY MR. MARTINEZ:

Q.   Officer, did you send that slug to any kind of lab for analysis?

A.   No, I didn't.

Q.   So what's the significance of the slug in the seat; when did that happen?

A.   It's -- Ms. Monnet told me that it -- her window was damaged from the subject.  And based on the text message that she had received, I figured -- I determined it to be a part of the investigation, a part of the case.

Q.   Well, did you check out the phone number?

A.   No, sir, I didn't.

Q.   Did you get a warrant to find out whose phone number that was?

A.   No, I didn't.

Q.   Did you know about Ms. Monnet's prior criminal history?

A.   No.

Q.   Did you know about her criminal history afterwards?

A.   No.

MR. MARTINEZ:  Would you put State's

to be glass outside. And, of course, you're not an expert in ballistics, are you?

A. No, sir.

Q. Okay. But just from your training and experience in investigation, is the glass being inside the vehicle consistent with someone shooting through that window into the car?

A. The glass inside the vehicle is a good indication that the damage was done from the outside of the car, inward.

Q. Okay. And just from your assessment of this scene, is it your conclusion that the bullet came from this window and not the front of the car?

A. Yes, it came -- my belief, it came from the passenger's side front window.

Q. Okay.

MR. HORN: We'll pass the witness.

THE COURT: All right. Anything further, Counsel?

You may -- oh.

MR. MARTINEZ: Excuse me.

RECROSS-EXAMINATION

BY MR. MARTINEZ:

Q. You didn't -- you didn't -- I mean, as far as